STATE, EX REL. THE ANTI-VIVISECTION SOCIETY OF OHIO, INC., RELATOR, *v.* BRANDT ET, RESPONDENTS.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 25612.   Decided November 9, 1962.

*Messrs. Riegler, Spohn & Peckinpaugh,* for relator.
*Mr. Jerome B. Goldman* and *Mr. Sanford S. Simms,* for respondents.

*Per Curiam.*   This cause comes to this court as an original action in quo warranto brought in the name of the State of Ohio on relation of The Anti-Vivisection Society of Ohio, Inc., a nonprofit corporation, by the Prosecuting Attorney of Cuyahoga County.   It seeks the ouster of a Board of Directors and of officers allegedly elected at an Annual Meeting held on April 13, 1961, at Cleveland, Ohio.   Relator claims that said Annual Meeting was illegally convened for the reason that *all members*

of the Society were not notified of the time and place of the meeting.

Parts of the Constitution and By Laws of the Society pertinent to the issue raised read as follows:

"Constitution.

"Article IV. Section 3. At the last meeting of the Board of Directors preceding the Annual Meeting of the Society there shall be elected from its members a committee of three persons who shall later submit, at the Annual Meeting, and as hereinafter provided, a list of nominees to serve as officers of the Society for the ensuing year.

"The chairman of the nominating committee shall, prior to the Annual Meeting, submit a duplicate copy of said list to the corresponding secretary, so that same may be included in the Annual Meeting notice for the inspection of all members.

"Article VII. The Annual Meeting of the Society shall be held at the regular monthly meeting in April of each year. Regular meetings shall be held as hereinafter provided under the By Laws. Special meetings may be called by the President or the Board of Directors on not less than seven days written notice to the membership, said notice to be directed to the last known address of each member."

"By Laws.

"Article II. Regular meetings of the Society shall be held on the second Thursday of each month at 8 P. M. except during the months of July and August which shall constitute the summer recess. The Board of Directors may, on not less than one week's notice, change the date and time of any regularly scheduled meeting."

The essential facts are not in dispute.

1. The first paragraph of Section 3 of Article IV was fully met. The Nominating Committee was appointed and functioned in all respects within the requirements of the Constitution.

2. Paragraph 2 of Section 3, Article IV, was not complied with since no duplicate copy of the list of nominees was sent with the Annual Meeting notice.

3. By order of the Board of Directors the Corresponding Secretary sent notices only to 140 members living in the Greater

Cleveland area notifying them by postal card of an "Open Meeting" to be held in the Hotel Sheraton Cleveland at 8 P. M., Thursday, April 13, 1961, for the purpose of electing officers and directors of the Society.

4. The Society had some 450 members in good standing scattered throughout the State of Ohio.

5. In previous years *all members* of the Society in good standing were notified of the time and place of the Annual Meeting, either by postal card or by means of a "Bulletin" issued periodically by the Society.

6. The Regular Monthly meetings had been discontinued for some time because of poor or no attendance by the membership.

7. A special meeting called by the Board of Directors with notice to *all members* of the Society in the Bulletin was held on February 10, 1961, for the purpose of amending the Society's Constitution.

It is our view that under these undisputed facts and the law, *all members* should have received notice of the Annual Meeting held April 13, 1961, for these reasons:

1. The provision in Article IV, Section 3, of the Constitution, above quoted, by implication provides that notice of the Annual Meeting be sent to *all members.*

2. Since in previous years the Society had sent such notices to *all members, all members* in good standing could expect the continuance of such practice.

3. The By Laws, under Article I, specify the time but not the place of regular meetings.

4. The law of Ohio requires a written notice of meetings unless the "articles or the regulations provide * * * otherwise" under Section 1702.18, Revised Code:

"Unless the articles or the regulations provide for notice of meetings otherwise than as provided in this section, written notice stating the time and place of a meeting of the voting members, and, in case of a special meeting, the purpose or purposes for which the meeting is called, shall be given either by personal delivery or by mail not less than ten nor more than sixty days before the date of the meeting; (A) to each member entitled to notice of the meeting; (B) by or at the direction

of the president or the secretary or any other person required or permitted by the regulations to give notice or the officers or persons calling the meeting. If mailed, such notice shall be addressed to the member at his address as it appears on the records of the corporation. Notice of adjournment of a meeting need not be given if the time and place to which it is adjourned are fixed and announced at such meeting.''

We hold, therefore, that the Annual Meeting held on April 13, 1961, was illegally convened and that all actions taken thereat are of no legal effect whatever and are null and void. As a consequence thereof, the respondents allegedly elected members of the Board of Directors and officers at such meeting are, under the law, usurpers of the offices they pretend to hold and have no right or title to them, and should be and herewith are ousted therefrom.

Writ to issue.

Exceptions. Order see journel.

KOVACHY, P. J., SKEEL and HURD, JJ., concur.